IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CASCADE PENSION TRUST, HARRISON ELECTRICAL WORKERS TRUST FUND, NATIONAL ELECTRICAL BENEFIT FUND, I.B.E.W. DISTRICT NO. 9 PENSION PLAN and The CENTRAL INSIDE JOINT APPRENTICESHIP TRAINING TRUST, by the Collection Committee of the SOUTHERN OREGON IBEW-NECA ELECTRICAL WORKERS AUDIT COMMITTEE comprised of KLAAS DEBOER, JR. and ANDREW LINDSEY, as trustees or fiduciaries on behalf of such Trust Funds.<br><br>        Plaintiffs,<br><br>  v.<br><br>BATES INDUSTRIES, INC., dba G & E ELECTRIC INC.<br><br>        Defendant. | Case No. 6:16-cv-01068-AA<br>OPINION, ORDER, AND<br>JUDGMENT |

AIKEN, Judge:

Plaintiffs Cascade Pension Trust, et. al., move for entry of default, default judgment, and attorney's fees against defendant Bates Industries, Inc., dba G & E Electric Inc., pursuant to 29 U.S.C. § 132(g)(2)(D) and Federal Rules of Civil Procedure 54(d), 55(a), and 55(b). Pls.' Mot. Entry Default, Mot. Default J., Mot. Att'y Fees (doc. 11) ("Pls.' Mot."). For the following reasons, plaintiffs' motion is granted in part and denied in part.

1 – OPINION, ORDER, AND JUDGMENT

Plaintiffs filed their Complaint in this action on June 13, 2016. (Doc. 1). Substitute service of the Summons and Complaint was made to the wife of defendant's registered agent, Lindsey Bates, on June 17, 2016, because plaintiffs were unable to find defendants' registered agent, officer, or director in the county where the action was filed. Affidavit Serv. Upon Bates Industries, Inc. (Doc. 4). Additionally, on July 8, 2016, plaintiffs sent, by first class mail, a copy of the Summons and Complaint to defendant's place of business together with a statement of the date, time, and place that the substitute service that was made on June 17, 2016. *Id.* On November 29, 2016, plaintiffs' counsel notified defendant's counsel verbally, as well as through mail and email, that plaintiffs would file a motion for entry of default if defendant failed to file its answer within ten days from that date. On December 12, 2016, plaintiffs filed the instant motion for entry of default, default judgment, and attorney's fees. (Doc. 11). Defendant never filed an answer or otherwise entered an appearance. Accordingly, plaintiffs' motion, insofar as it seeks entry of default against defendant pursuant to Federal Rule of Civil Procedure 55(a) is granted. As such, the Clerk of Court is ordered to enter default against defendant.

Similarly, plaintiffs' motion for default judgment against defendant pursuant to Federal Rule of Civil Procedure 54(b) is also granted. In making this determination, I have considered "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiffs' substantive claim, (3) the sufficiency of the Complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seventh factor always weighs against a default judgment. I find, however, that all other factors here weigh in favor of awarding a default judgment. As such, plaintiffs' motion for default judgment is granted.

Finally, plaintiffs' motion for attorney fees, expenses, and costs, pursuant to Federal Rule of Civil Procedure 54(d), 29 U.S.C. § 1132(g)(2)(D), and contract between the parties, is granted in part and denied in part.

In determining a reasonable attorney fee, the court first multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (as amended) (discussing the lodestar method). After calculating this amount, the court considers whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors[1] set forth in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). *Id.*

The court is required to ensure an award's reasonableness, regardless of whether the opposing party objected to it. *Gates v. Deukmejian*, 987 F.2d 1392, 1400-02 (9th Cir. 1992). The court also possesses "considerable discretion . . . in determining what attorney's fee is reasonable." *Webb v. Ada Cnty., Idaho*, 195 F.3d 524, 526-27 (9th Cir. 1999), cert. denied, 537 U.S. 948 (2002). Accordingly, "the reasonable fee, as calculated by the district court, may fall short of the actual fee that the . . . lawyer charges." *Corder v. Gates*, 947 F.2d 374, 378 n.3 (9th Cir. 1991) (citation and internal quotations omitted).

Here, plaintiffs seek $6,049.71, comprised of $5,614.50 for plaintiffs' attorney fees, $15.21 in postage expenses, and $420 in taxable costs - $400 of which were incurred as filing fees of the Clerk and $20 in docket fees under 28 U.S.C. § 1923. Pls.' Mot. 3; Decl. of Lance A.

---

[1] These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr, 526 F.2d at 70.

3 – OPINION, ORDER, AND JUDGMENT

LeFever in Supp. of Pls.' Mot. ("LeFever Decl.") ¶¶ 13-16. Of the $5,614.50 plaintiffs seek in attorney's fees, $5,448.00 is attributable to work Lance LeFever, plaintiffs' attorney who has 17 years of experience, performed over 23.5 hours at an hourly rate of $240.00, and $166.50 is attributable to the work Shasta Alpers performed in her capacity as Lance LeFever's legal assistant over 5 hours at an hourly rate of $65.00. LeFever Decl. ¶ 13 (citing *Id.* Ex.'s 4-5).

Here, as an initial matter, this Court finds plaintiffs' motion, insofar as it seeks $15.21 in postage expenses and $420 in taxable costs, is reasonable and grants plaintiffs' motion insofar as it seeks such costs and expenses.

Next, this Court addresses the issue of whether Mr. LeFever's requested hourly rates are reasonable. The latest Oregon State Bar Economic Survey ("OSB Survey"), issued in 2012, provides billing rates by locality, years of experience, and area of practice. *See generally* LeFever Decl. Ex.'s 5-7. A reasonable rate for legal services is "'calculated according to the prevailing market rates in the relevant community.'" *McElmurry v. U.S. Bank Nat'l Ass'n*, 2008 WL 1925119, *3 (D. Or. Apr. 30, 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "This District considers the most recent [OSB Survey] as its 'initial benchmark' in determining whether hourly billing rates are reasonable." *Prison Legal News v. Umatilla Cnty.*, 2013 WL 2156471, *4 (D. Or. May 16, 2013) (citations omitted). "If the rate requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing party to justify that higher rate." *Id.* (citation omitted). Initially, "[t]he general rule is that the relevant community for purposes of the prevailing rate is the forum in which the district court sits." *Id.* at *5 (citations omitted).

The $240 hourly rate plaintiffs seek for Mr. LeFever's legal services are moderately higher than the $210 median rate awarded to attorneys with comparable experience in the Lower

4 – OPINION, ORDER, AND JUDGMENT

Willamette Valley in 2012. However, this Court finds that the hourly rate sought by plaintiffs is nevertheless reasonable because plaintiffs support the increased rate by providing historical hourly rates from OSB economic surveys from 1998, 2002, 2007, and 2012, which demonstrate an average annual increase of 4.38% during that time period. *See* LeFever Decl. Exs.' 6-7. Plaintiffs also provided an extrapolation of the 2012 OSB Economic Survey data to demonstrate that the hourly median rate of $210 for an attorney with 16-20 years of experience in 2012, after an annual increase of 4.38%, would command a median hourly rate of $267.20 in 2016. Here, Mr. LeFever requests only $240 per hour, a $27.20 reduction below the 2016 median hourly rate of $267.20 that plaintiffs support with the extrapolated inflation data. As such, this Court finds Mr. LeFever's hourly rates reasonable.

Turning to the issue of whether Ms. Alpers' hourly rates are reasonable, "[a]lthough the OSB Survey does not include data on paralegal rates, this District has found such rates reasonable where they do not exceed the average rate for a first-year associate." *Prison Legal News v. Umatilla Cnty.,* 2013 WL 2156471, *7 (D. Or. May 16, 2013) (citations omitted). All of the rates charged by Ms. Alpers are less than the average rate for a first-year associate in the Lower Willamette Valley. *See* LeFever Decl. Ex.'s 6-7. As such, this Court Finds Ms. Alpers' hourly rates reasonable.

Finally, this Court finds that the number of hours requested by plaintiffs for the services rendered by Mr. Lefever and Ms. Alpers are, for the most part, reasonable. Nevertheless, several billing defects appear in plaintiffs' fee petition, such that reductions are appropriate. *Prison Legal News,* 2013 WL 2156471, *7 ("even where, as here, the expended time is reasonable, the court may still reduce the fee award for defects in the . . . motion for fees.). As a preliminary matter, this Court notes that plaintiffs itemize the fees sought for Mr. LeFever and Ms. Alpers in

the LeFever Declaration, but assert in a footnote that the total amount of fees sought "do not equal to the product of the applicable rate times hours worked" due to various exclusions. LeFever Decl. at 6, n. 2. Moreover, plaintiffs do not provide a corrected itemization of the applicable rate times the hours worked. Plaintiffs do, however, provide billing statements for the relevant time period. *See Id.*; *Id.* Ex. 4.

In the Lefever Declaration itemization, plaintiffs seek $5,448.00 for 23.5 hours of work performed by Mr. LeFever at an hourly rate of $240.00, and $166.50 for five hours of work performed by Ms. Alpers at an hourly rate of $65.00. *Id.* This Court notes, however, that the billing statements plaintiffs provided as Exhibit 4 to the LeFever Declaration reveal that Mr. LeFever had only 20.9 hours of qualifying billable time, which would result in a fee award of $5,016.00 when multiplied by the applicable hourly rate of $240.00, and Ms. Alpers had only 2.7 hours of qualifying billable time, which would yield $175.50 in allowable fees when multiplied by the applicable hourly rate of $65.00. Thus, plaintiffs seek $9.00 less than the billing statements support for the services performed by Ms. Alpers and $432.00 more than the billing statement supports for the services performed by Mr. LeFever.

Accordingly, this court finds that plaintiffs' fee request of $166.50 for services rendered by Ms. Alpers is reasonable even though it seeks $9.00 less than the billing statement supports. As such, plaintiffs' motion for attorney's fees, insofar as it seeks $166.50 for the work performed by Ms. Alpers is granted. However, this court finds that Mr. LeFever's request of $5,448.00, which amounts to $432.00 more than the billing statement supports for the services he performed over the 20.9 hours he worked, is excessive and, therefore, unreasonable. As such, plaintiffs' motion, insofar as it seeks an award of $5,448.00 for work performed by Mr. LeFever is denied and plaintiffs are instead awarded $5,016.00 in fees for the work performed by Mr. LeFever.

In sum, plaintiffs are awarded $5,616.21, comprised of $5,181.00 for plaintiffs' attorney fees ($5,016.00 for the work performed by Mr. LeFever and $166.50 for the work performed by Ms. Alpers), $15.21 in postage expenses, and $420 in taxable costs.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for entry of default, default judgment, and attorney's fees against defendant (doc. 11) is GRANTED in part and DENIED in part. Specifically, plaintiffs' motion for entry of default and default judgment is GRANTED. Plaintiffs' motion, insofar as it seeks an award of expenses and fees is GRANTED in part, such that plaintiffs are awarded a total of $5,616.21 in attorney fees, costs, and other expenses. Finally, pursuant to Federal Rule of Civil Procedure 54(b), because final judgment is entered as to all claims in this case, the case is dismissed.

IT IS SO ORDERED.

DATED this 28th day of March 2017.

_____
ANN AIKEN
United States District Judge

7 – OPINION, ORDER, AND JUDGMENT